FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 29 2014

JAMES W. McCORMACK, CLERK
By: _____ Saus
　　　　　　　DEP CLERK

IN THE UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RHONDA LANE　　　　　　　　　　　　　　　　PLAINTIFF

VS.　　　　　　　　　　　　　　　　　　4:14 cv 447 JLH

PRA III, LLC and
PORTFOLIO RECOVERY ASSOCIATES, INC.　　　DEFENDANTS

This case assigned to District Judge Holmes
**COMPLAINT**　and to Magistrate Judge　Ray

COMES NOW, Plaintiff Rhonda Lane (Lane), and files this Complaint against PRA III, LLC and Portfolio Recovery Associates, Inc. and for her cause of action states:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Arkansas Legislature has adopted a regulatory structure to insure compliance with the debt collection laws. The Arkansas Code has established a licensing procedure whereby debt collectors are required to be licensed and regulated by the Arkansas State Board of Collection Agencies. *A.C.A. §17-24-301.*

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

5. The actions alleged in this Complaint occurred within the State of Arkansas.

6. Venue is proper pursuant to 28 U.S.C. §1391.

## PARTIES TO THE CLAIM

7. Lane is a resident of North Little Rock, Pulaski County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

8. At the time of the incident described further herein, PRA III, LLC was a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6), and A.C.A 17-24-101, et seq., and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5). PRA III, LLC is a wholly owned subsidiary of Portfolio Recovery Associates, Inc.

9. Portfolio Recovery Associates, Inc. is the parent company of PRA III, LLC and is in the business of purchasing and collecting delinquent debt and is classified as a "debt collector/debt buyer" pursuant to 15 U.S.C. §1692a(6).

10. PRA III, LLC and Portfolio Recovery Associates, Inc. maintain principal offices at: 120 Corporate Boulevard, Norfolk, Virginia, 23502

11. Neither PRA III, LLC nor Portfolio Recovery Associates, Inc. are registered with the Arkansas Secretary of State and have no registered agent for service of process in Arkansas.

PRA III, LLC and Portfolio Recovery Associates, Inc. are being served via the Arkansas Secretary of State pursuant to Arkansas Code Annotated §17-24-403.

## FACTUAL BACKGROUND

12. PRA III, LLC filed a lawsuit against Lane on August 30, 2002 in the District Court of Lonoke County, Arkansas-Lonoke Division, asserting a consumer debt. **Exhibit 1.**

13. On October 23, 2002 a default judgment was entered against Lane. **Exhibit 2**.

14. PRA III, LLC instituted garnishment proceedings against Lane's employer on April 10, 2014. **Exhibit 3**.

15. As a "debt collector/debt buyer", PRA III, LLC and Portfolio Recovery Associates, Inc. are required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301. Neither Defendant is licensed by the Arkansas State Board of Collection Agencies and is forbidden from purchasing and attempting to collect delinquent accounts or bills.

16. By attempting to garnish Lane's wages, PRA III, LLC and Portfolio Recovery Associates, Inc. are engaged in "collection activity" under the FDCPA.

17. By engaging in collection activity in violation of state statute, PRA III, LLC and Portfolio Recovery Associates, Inc. are violating 15 U.S.C. §1692e(5) which prohibits the threat to take any action that cannot legally be taken.

18. Litigation is defined as a "collection activity" according to *Heintz v. Jenkins*, 514 U.S. 291 (1995).

19. Violation of a State statute supports a violation of the Fair Debt Collection Practices Act. *Picht v. Hawks, Ltd*, 236 F.3d 446 (8th Cir. 2001).

20. The actions by PRA III, LLC and Portfolio Recovery Associates, Inc. in violation

of State statute and Arkansas Board of Collection Agencies regulations constitute unfair or unconscionable means to attempt to collect debt in violation of 15 U.S.C §1692f.

21. The actions of attempting to collect delinquent debt through wage garnishment in violation of State licensing statute by PRA III, LLC and Portfolio Recovery Associates, Inc. constitute conduct the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. §1692d.

22. Lane has suffered embarrassment, humiliation, mental distress and emotional anguish, as well as physical symptoms of injury as a result of the actions by PRA III, LLC and Portfolio Recovery Associates, Inc.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

23. PRA III, LLC and Portfolio Recovery Associates, Inc. engaged in abusive, harassing, oppressive conduct, false, deceptive or misleading representations, and unfair or unconscionable collection methods in contravention of 15 U.S.C. §1692, a course of action which violated the FDCPA in the following particulars:

   i. using any false, deceptive, or misleading representations or means in connection with the collection of any debt, 15 U.S.C. §1692e(5), by threatening to take any action that cannot legally be taken, specifically violation of A.C.A. §17-24-301.

   ii. any unfair or unconscionable means to collect or attempt to collect the alleged debt by violating State law pursuant to 15 U.S.C. §1692f;

   iii. Conduct the natural consequence of which is to harass, oppress or abuse any person pursuant to 15 U.S.C. §1692d by violating State law.

24. Defendants conduct are violations of the FDCPA for which strict liability applies pursuant to: 15 U.S.C. §1692, et seq.;

25. Defendants conduct are violations of the FDCPA for which statutory damages of

$1,000.00 apply pursuant to: 15 U.S.C. §1692k(a)(2)(A);

26.  Defendants conduct are violations of the FDCPA, and a producing cause of economic damages incurred by Lane.

27.  Defendants conduct was a producing cause of actual damages incurred by Lane pursuant to: 15 U.S.C. §1692k(a)(1).

## DAMAGES

28.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Lane sustained damages and injuries including, but not limited to, the following:

   i. increased temper;
   ii. loss of sleep and insomnia;
   iii. anxiety, nervousness, fear, and worry;
   iv. emotional distress and mental distress;

29.  As a direct and proximate result of the occurrence made the basis of this lawsuit, Lane is entitled to the following damages:

   i. costs, expenses and attorney fees.
   ii. statutory damages in the maximum amount of: $1,000.00.
   iii. actual damages to be determined.

30.  By reason of the aforementioned, Lane has suffered losses and damages in a sum to be proven at trial.

## JURY DEMAND

31.  Lane demands a jury trial.

## PRAYER

WHEREFORE, Lane prays that: she be granted statutory damages pursuant to the FDCPA, she be granted actual damages to be proven at trial, she be granted costs and expenses incurred, she be granted judgment for attorney fees.

Respectfully submitted,
**COOK LAW FIRM, P.A.**

_____
J. R. Andrews, AR Bar No. 92041
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
501-255-1500
501-255-1116, fax


**CENTER FOR ARKANSAS LEGAL SERVICES**

_____
Cecille Doan, AR Bar No. 2009246
1300 W. 6th Street
Little Rock, AR 72201
Telephone: (501) 376-3423
Facsimile: (501) 376-3664

IN THE DISTRICT COURT OF LONOKE COUNTY, ARKANSAS
LONOKE DIVISION

FILED
LONOKE DISTRICT COURT
2002 AUG 30 AM 8: 41

CITY OF LONOKE, AR

PRA III, LLC                                                                PLAINTIFF

VS.                    NO. CIV02-415

RHONDA L. LANE                                                              DEFENDANT
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

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant(s), state(s):

1. That the Plaintiff is a corporation authorized to do business in Arkansas.

2. That the Defendant is a resident of Lonoke County, Arkansas.

3. That Defendant purchased certain items with extensions of credit obtained on his/her Associates Financial Services account.

4. That the amount past due on said account, which has not been paid, and has been owed for a long period of time is $892.72, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

5. That demand has been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $892.72, for all costs herein paid and expended, for pre-judgment and post-judgment interest, reasonable attorney's fees, and for all other proper relief.

SOUTHERN & ALLEN
Attorneys at Law
P.O. Box 17248
Little Rock, Arkansas 72222
(501) 227-2000

_____
Byron S. Southern



IN THE DISTRICT COURT OF LONOKE COUNTY, ARKANSAS,
LONOKE DIVISION

2002 OCT 23 AM 8: 51

PRA III, LLC                                                     PLAINTIFF

VS.                       NO. CIV02-415        LONOKE, AR

RHONDA L. LANE                                   DEFENDANT(S)
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

### DEFAULT JUDGMENT

Now on this day this cause comes on to be heard, but the Defendant(s) come(s) not, and this cause was submitted to the Court upon the Complaint, with the Exhibits thereto and filed herein, the summons issued herein against the Defendant(s) and the return made to this Court thereon showing proper service for the time and in the manner as required by law, from all of which and other matters, proof and things before the Court, the Court doth find that the Defendant(s) has/have been duly served with the summons for more than twenty (20) days allowed by law, that Defendant(s) has/have failed to file a timely Answer within the twenty (20) days allowed by law, or to appear and defend, and the Defendant(s) is/are indebted to the Plaintiff in the amount of $892.72, plus 6% pre-judgment and 10% post-judgment interest, and for all its costs herein expended.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED and ADJUDGED that Plaintiff have of and recover from the Defendant(s) the sum of $892.72, plus 6% pre-judgment and 10% post-judgment interest, for all its costs herein paid and expended, and a reasonable attorneys' fee in the amount of $ 257.00, for all of which execution may issue.

Pursuant to Section 1 of Act 610 of 1991, as a resident of this state who has final Judgment of a court of record entered against him, he shall prepare a schedule, verified by affidavit, of all property, both real and personal, including moneys, bank accounts, right, credits, and choses in action held by himself or others for him and specify the particular property which he claims as exempt under the provisions of the law. The schedule shall be filed with the clerk of this court within forty-five (45) days of entry of this judgment.

IT IS SO ORDERED.

*[signature]*
JUDGE

DATE: 10-22-02

APPROVED AS TO FORM:

*[signature]*

Byron S. Southern
Attorney for Plaintiff
PO Box 17248
Little Rock, AR 72222

IN THE SOUTHERN DISTRICT COURT OF LONOKE COUNTY, ARKANSAS
LONOKE DIVISION

WRIT OF GARNISHMENT

PRA III LLC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PLAINTIFF

V.

CASE NO. CIV02-415

RHONDA L. LANE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . DEFENDANT

Requesting Attorney: Teaven Stamatis; Allen & Withrow
(501) 227-2000
P.O. Box 17248, Little Rock, AR 72222

THE STATE OF ARKANSAS TO:
BAPTIST HEALTH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . GARNISHEE

EXPLANATION

JUDGMENT DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . October 16, 2012
JUDGMENT AWARDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $892.72
ATTORNEY FEES AWARDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $250.00
COURT COSTS AWARDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $164.74
ACCUMULATED INTEREST (To March 18, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,050.31
GARNISHMENT FILING FEE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10.00
PAYMENTS MADE TOWARD JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $375.00

¹AMOUNT OF GARNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $2,992.77

¹Notice: Before paying final balance, please call Plaintiff's Attorney's Office at (501) 227-2000 to ascertain the correct balance, as interest may have been added to the above balance.

By: *Sharon Bulloch* DC Date: 4/10/2014 Time: _____ a.m. / p.m.

CERTIFICATE

I, Teaven Stamatis, attorney for the Plaintiff, do hereby certify that a copy of the Writ of Garnishment, which contains a Notice to Defendant, was mailed on _____ by first class mail to the Judgment Debtor at his residence address, 41 OAKVIEW DR, NORTH LITTLE RO, AR 72118, the same day as this Writ is served on the Garnishee; that if the letter is returned "Undeliverable" by the Post Office, or the residence of the Judgment Debtor is not discoverable, after a diligent search, a copy of this Writ, containing a Notice to the Defendant, will be sent by first class mail to the Judgment Debtor at his place of employment, and that if garnishments are filed on this debt more than twelve (12) months after the original garnishment, a Notice to Defendant will be mailed to the Judgment Debtor annually. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Baptist Health
Attn: Russell Harrington
PO Box 8516
Little Rock, AR 72215

Teaven Stamatis (2008064)